23-952-cv
Valsamakis v. Notias

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Pantelis Valsamakis,

> *Plaintiff-Appellee,*

> v.                                                            23-952

Carol Notias,

> *Defendant-Appellant,*

**Kalliopi Notias, Stavros Notias,**
**369/371 Realty LLC, 368 Realty LLC,**
**365 Realty LLC,**

       *Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | Boaz S. Morag, William E. Baldwin, Cleary Gottlieb Steen & Hamilton LLP, New York, NY; Magdalena Barbosa, Catholic Migration Services, Sunnyside, NY. |
| **FOR DEFENDANT-APPELLANT:** | Carol Notias, pro se, Brooklyn, NY. |

Appeal from a judgment dated May 26, 2023, of the United States District Court for the Eastern District of New York (Bloom, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellee Pantelis Valsamakis sued Defendant-Appellant Carol Notias and her two siblings under the Fair Labor Standards Act and New York Labor Law, alleging he was not paid for his work as a superintendent of the apartment buildings that the defendants owned. After a settlement conference,

2

the parties agreed to an oral settlement in which the defendants would pay Valsamakis $67,500, split into thirds for each defendant.[1] The parties did not memorialize their agreement in writing, so the magistrate judge, presiding by consent of the parties, *see* 28 U.S.C. § 636(c)(1), later approved the settlement.

After Notias refused to pay, Valsamakis sought an entry of judgment for Notias's remaining portion. The magistrate judge entered judgment against Notias for $15,000 plus ten-percent liquidated damages and interest, per the terms of the settlement agreement. *See Valsamakis v. Notias*, No. 21-CV-7128, 2023 WL 4288840, at *2 (E.D.N.Y. May 24, 2023). We assume the parties' familiarity with the facts, procedural history, and the issues on appeal.

"We review a district court's factual conclusions related to a settlement agreement, such as whether an agreement exists or whether a party assented to the agreement, under the clearly erroneous standard of review." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). "We review *de novo* a district

---

[1] The third-per-defendant division is not apparent from the record of the settlement conference—presumably, the issue would have been clarified had the settlement been successfully reduced to text—but the parties have never disputed that this was the intended division of liability. The record also indicates that the other two defendants have already paid their two-thirds of the settlement.

court's legal conclusions with respect to its interpretation of the terms of a settlement agreement." *Id*.

Notias contends that the magistrate judge erred by entering judgment against her for one-third of the settlement amount because she did not own one-third of the apartment buildings that employed Valsamakis. She also contends that the settlement was unfair, that she did not receive due process, and that the plaintiff's complaint was legally defective.

But Notias bargained away her right to argue that the settlement was unfair because she made a "deliberate, strategic choice to settle" on those terms. *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Notias was free to challenge her percentage of liability during the settlement process; it was too late to do so in an enforcement proceeding.

Nor did due process require the magistrate judge to hold a hearing rather than proceed on the papers. "A district court has the power to enforce summarily on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974).

Notias also argues that she was pressured to enter the settlement by her

4

attorneys. "[A] settlement contract or agreement, like any other, may be attacked on the grounds that it was procured by fraud, duress or other unlawful means." *First Nat'l Bank of Cincinnati v. Pepper*, 454 F.2d 626, 632 (2d Cir. 1972). In New York, however, "[a] contract is voidable on the ground of duress" only "when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his free will." *Id.* (quoting *Austin Instrument, Inc. v. Loral Corp.*, 29 N.Y.2d 124, 130 (1971)). Notias has not identified any wrongful threat that her attorneys made to induce her to accept the settlement. Instead, Notias claims diminished capacity because of a depressed emotional state and her attorneys' pressure. But these circumstances are insufficient to void a settlement agreement under New York law. *See Blatt v. Manhattan Med. Grp., P.C.*, 131 A.D.2d 48, 51 (1st Dep't 1987) (explaining that "mere depression, serious or otherwise," is insufficient to invalidate an otherwise valid contract).

Finally, Notias contends that Valsamakis's complaint was legally insufficient because he failed to join necessary parties and failed adequately to allege that she was his employer. The legal sufficiency of the complaint is

5

irrelevant, however, because the defendants agreed to a settlement. "New York

law … requires strict compliance with settlement agreements, which are binding

and enforceable contracts between parties." *In re Johns-Manville Corp.*, 759 F.3d

206, 214 (2d Cir. 2014) (citing *IDT Corp. v. Tyco Grp.*, *S.A.R.L.*, 13 N.Y.3d 209, 213-

14 (2009)).

We have considered Notias's remaining arguments, which we conclude

are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court